UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
JAMES J. BURNS, II                      )
                                        )
            Petitioner,                 )
                                        )
            v.                          )       Civil Action No. 08-11009-PBS
                                        )
THOMAS DICKHAUT,                        )
                                        )
            Respondent.                 )
_____)


REPORT AND RECOMMENDATION ON
PETITION FOR WRIT OF HABEAS CORPUS

December 11, 2009

SOROKIN, M.J.

        On June 6, 2008, James J. Burns II, proceeding pro se, petitioned for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death

Penalty Act of 1996 (AEDPA).  Docket #1.  The Respondent, Thomas Dickhaut, opposes the

petition.  Docket #14.  Pursuant to an Order of Reference dated November 12, 2008, I

recommend that the Petition be DENIED.

FACTUAL BACKGROUND[1]

        The Petitioner visited the Port-O-Call bar in Buzzard's Bay on the evening of June 8,

2001.  Bar patrons and staff noticed Burns exchanging hostile and offensive remarks with others

_____

        [1]As the Massachusetts Appeals Court did not make any findings of fact, the following
brief summary of facts have been taken from the trial transcript and the Respondent's brief.

1

in the bar.  At some point in the evening, the bartender on duty told Burns to leave after he

grabbed a bottle and waved it over his head as if he was going to hit someone.  Burns was

escorted out of the bar by a group of customers.  The victim, John Valle, was a part of this group.

 Two witnesses testified that they heard Burns say he would return to the bar with a knife.  Burns

did return to the bar approximately ten minutes later with a large kitchen knife.  Witnesses

testified that Burns punched Valle in the face and neck area and stabbed him in the throat.  The

victim had lacerations on his hypo pharynx and facial vein, a contusion around his carotid artery,

and suffered from a major stroke as a result of his injuries.

PRIOR PROCEEDINGS

On March 27, 2003, the Petitioner was convicted of armed assault with intent to murder,[2]

after a jury-waived trial before Massachusetts Superior Court Associate Justice Gary A.

Nickerson. Docket #10, Ex. A, Criminal Docket for Com. v. James J. Burns II, BACR2001-

00088.  The primary issue at trial was whether the Petitioner was able to form the requisite

specific intent to commit the crime, due to his level of intoxication.  Com. v. Burns, No. 03-P-

940, 2004 WL 291373 (Mass.App.Ct. Dec. 16, 2004).

Burns timely appealed his conviction, arguing inter alia that where the weight of the

evidence unequivocally supported Burns' lack of specific intent to murder due to his extreme

intoxication combined with his brain disorders, the judge's decision to find the petitioner guilty

on insufficient, inconclusive, and contradictory evidence constituted an abuse of discretion as a

fact finder, resulting in an unfair trial in violation of the Petitioner's due process rights.  Docket

---

[2]A guilty finding on a second charge of assault and battery with a dangerous weapon was
placed on file.  See Commonwealth v. Burns, No. 07-P-876, 2008 WL 820160 (Mass.App.Ct.
March 27, 2008).

#10 Ex. C, Brief and Record Appendix for James J. Burns II.  The Massachusetts Appeals Court

affirmed Burns' conviction in an unpublished memorandum and order pursuant to Mass. R. App.

P. 1:28 on December 16, 2004 in which the Appeals Court found no error in the credibility

determinations underlying the judge's finding of guilt.  Burns, 2004 WL 291373 at *1. Burns

then filed an application for further appellate review (ALOFAR) with the Supreme Judicial

Court, in which he repeated his first argument on appeal to the Massachusetts Appeals Court,

supra, that he did not receive a fair trial by an impartial fact-finder where eyewitness testimony

was conflicting and more consistent with the Petitioner's lack of intent to murder.  Docket #10,

Ex. G, Application for Further Appellate Review.  The Supreme Judicial Court denied the Burns'

application on March 30, 2005.  Com. v. Burns, 443 Mass. 1106 (Table)(2005).

On April 11, 2006, Burns filed for a reduction in verdict, or a new trial, or required

finding of not guilty with the Massachusetts Superior Court.  Docket #10, Ex. A. The trial judge

denied the motion without a hearing.  Id.  Burns filed a motion for reconsideration, which was

also subsequently denied.  Id.  Burns did not appeal this decision.  Id.

Burns then filed a second motion for a new trial on August 3, 2006, claiming ineffective

assistance of counsel.  Id.  Specifically, Burns argued that his trial counsel was ineffective by

failing: (1) to impeach witnesses with their prior records of convictions; (2) to cross-examine

certain witnesses as to any bias they may harbor due to the likelihood of Valle filing a civil

lawsuit against the bar and its agents; and, (3) to present two additional witnesses.  Docket #10 at

Ex. K, Memorandum of Decision on Defendant's Motion for New Trial.  The trial judge denied

this motion in a memorandum and order on May 24, 2007.  Id.  In rejecting Burns' ineffective

assistance of counsel claim, Justice Nickerson noted that the ". . . criminal records of the

witnesses now presented, peppered mainly with misdemeanors, are inconsequential in determining the credibility of the witnesses." Id.  Likewise, with respect to Valle's civil suit against the Port-O-Call, Justice Nickerson found that there was "no showing that any of the witnesses were aware of a potential [civil] suit."  Id.  Finally, the judge noted

> ". . . this jurist . . . [is] conditioned to carefully scrutinize any claims of sobriety made by bar employees as to bar patrons . . . this jurist accepted the fact that Burns had consumed considerable alcoholic beverages that evening but nonetheless the Commonwealth proved beyond a reasonable doubt that his intake had not affected his ability to formulate and act upon an intent to murder Valle."  Id.

Burns appealed to the Massachusetts Appeals Court, who affirmed the trial court's decision in an unpublished memorandum and order in which the Appeals Court found Burns failed to establish prejudice.  Com. v. Burns, No. 07-P-876, 2008 WL 820160 (Mass. App. Ct. March 27, 2008).  Burns filed an ALOFAR with the Supreme Judicial Court on April 23, 2008, arguing that the Massachusetts Appeals Court's "failure to use an objective standard of review in deciding the defendant's ineffective assistance of counsel claim fell below federal constitutional precedent."  Docket #11 at Ex. P.  The Petitioner's ALOFAR was denied on June 5, 2008.  Com. v. Burns, 451 Mass. 1106 (Table)(2008).

## DISCUSSION

The Petitioner contends that his petition for a writ of habeas corpus should be granted because (1) he was denied his constitutional right to due process and a fair trial; (2) the Massachusetts state courts used an incorrect subjective standard of review in determining prejudice to the Petitioner on his ineffective assistance of counsel claim; and, (3) the Petitioner was denied a constitutional right to effective assistance of counsel when his trial attorney failed to request the criminal records of witnesses testifying against Burns.  Docket #13.

A.      Standard of Review

The AEDPA "constrain[s] . . . the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." Williams v. Taylor, 529 U.S. 362, 412 (2000).  Section 2254(d)(1) of the AEDPA establishes "two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court." Williams, 529 U.S. at 404. First, a federal court may grant the writ if the relevant state court proceeding resulted in a decision that was "contrary to" clearly established Federal law. Id. Under the "contrary to" clause, the state court must have applied a rule different from the governing law set forth in U.S. Supreme Court cases, or decided a case differently than that Court has done on a set of materially indistinguishable facts. Bell v. Cone, 535 U.S. 685, 694 (2002) (citing Williams, 529 U.S. at 405-6.)  In either case, the state court decision must be "diametrically different," "opposite in character or nature," or "mutually opposed" to established Supreme Court precedent in order to satisfy the "contrary to" clause of Section 2254(d)(1). Williams, 529 U.S. at 406.

Second, the federal court may grant the writ if the state court decision is an "unreasonable application of clearly established Federal law." Williams, 529 U.S. at 404-5.  The court may grant relief under this clause if the state court correctly identified the governing legal principle but unreasonably applied it to the facts of the particular case. Id. at 407-8.  In making an "unreasonable application" inquiry, a federal habeas court "should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409.  The federal habeas court "may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal

5

law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 410.

The AEDPA also requires federal habeas courts to presume the correctness of state courts' factual

findings unless the applicant rebuts this presumption with "clear and convincing evidence."  28

U.S.C. § 2254(e)(1); see also Schriro v. Landrigan, 550 U.S. 465, 73-74 (2007).

   B.  Due Process Claims

    1. Exhaustion Requirement

  The Respondent suggests that Burns' due process claim is unexhausted, and as a result,

his entire petition should be dismissed.  See 28 U.S.C. § 2254(b)-(c); see also Rose v. Lundy,

455 U.S. 509, 518 (1982).[3]  The AEDPA requires state prisoners to exhaust their available state

court remedies before seeking a federal writ of habeas corpus.  See 28 U.S.C. § 2254(b).  This

requirement exists in the interests of comity, so that the States have "the opportunity to pass on

and correct alleged violations of [their] prisoners' federal rights."  Baldwin v. Reese, 541 U.S. 27,

29 (2004) (internal quotation marks omitted).  "[T]he exhaustion principle holds, in general, that

---

[3] 28 U.S.C. § 2254(b)-(c) provides, in relevant part:
 (b)(1) An application for a writ of habeas corpus on behalf of a person in custody
   pursuant to the judgment of a State court shall not be granted unless it appears
   that--
    (A) the applicant has exhausted the remedies available in the courts of the
     State; or
    (B)(I) there is an absence of available State corrective process; or
     (ii) circumstances exist that render such process ineffective to protect the
      rights of the applicant.
 .   .   .
 (c) An applicant shall not be deemed to have exhausted the remedies available in the
  courts of the State, within the meaning of this section, if he has the right under
  the law of the State to raise, by any available procedure, the question presented.
  28 U.S.C. § 2254(b)-(c).

a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir.1997).

A review of the arguments Burns presented on appeal and in the instant petition establishes that he has met the exhaustion requirements of the AEDPA.  The due process argument that Burns articulated, both in his first appeal to the Massachusetts Appeals Court and then in his first ALOFAR to the Supreme Judicial Court, under the rubric of a denial of a "fair trial" is presented almost verbatim to this Court on habeas review.  Docket #10 at Ex. C, Ex. G. Moreover, Burns' state court arguments share the exact same factual bases with the grounds for relief asserted in the instant petition.  Burn's claim that his constitutional right to due process was violated because he was allegedly deprived of his right to a fair trial is not a separate and distinct constitutional argument that the state courts did not have the opportunity to first "pass on and correct."  Baldwin, 541 U.S. at 29.  Accordingly, this Court may assess the merits of Burns' argument within the parameters of the AEDPA.

2.  Merits of Due Process argument

Turning now to the merits of his Due Process claim, the Petitioner does not argue his conviction in state court was a result of an unreasonable application of Supreme Court precedent; rather, he contends that the trial judge committed error in his assessments of the credibility of witnesses and the weight he applied to their testimony.  Specifically, Burns argues that the trial judge used his own "subjective opinion" rather than relying on the expert opinion and testimony of defense witness Dr. Marc Whaley, who testified that Burns' level of intoxication would have substantially impaired Burns' ability to form the specific intent to murder the victim.  Docket #13

7

at 1, 3.  Credibility determinations are  "quintessentially a matter of fact, reserved in almost every circumstance for the trier."  Sanna v. Dipaolo, 265 F.3d 1, 10 (1st Cir. 2001).  As noted, supra, a "determination of a factual issue made by a State court shall be presumed to be correct," and Burns has the burden of rebutting this presumption by clear and convincing evidence demonstrating that the trial judge's credibility determinations were erroneous.  28 U.S.C. § 2254(e)(1).

The Petitioner has offered no such evidence to support his contention that this Court should overturn the trial judge's assessment of the credibility of each of the witnesses at the jury-waived trial.  "As a general rule, credibility determinations are rather well insulated from appellate challenge."  Pimental v. Jacobsen Fishing Co., Inc., 102 F.3d 638, 640 (1st Cir. 1996). The trial judge here who ". . . observed the witnesses and was in the best possible position to assess their credibility and to absorb the subtle (and not so-subtle) nuances of the testimony," clearly rejected Dr. Whaley's testimony that Burns could not form the specific intent to murder the victim because of his level of intoxication.  Wagenmann v. Adams, 829 F.2d 196, 216 (1st Cir. 1987).

The state trial judge's ". . . implicit credibility determinations . . . are exactly the type of factual determinations to which we defer, at least short of any indication of serious error."  Teti v. Bender, 507 F.3d 50, 59 (1st Cir. 2007) (citing Rice v. Collins, 546 U.S. 333, 341-42 (2006)). Docket #10 at Ex. K.  A federal habeas court has "no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." Caldwell v. Maloney, 159 F.3d 639, 650 (1st Cir. 1998) (quoting Marshall v. Lonberger, 459 U.S. 422, 432-34 (1983)).  Accordingly, absent clear and convincing evidence demonstrating that the state

trial court's credibility determinations were made in error, this Court must defer to the trial court's findings of fact on habeas review.

C.    Ineffective Assistance of Counsel

The "clearly established Federal law, as determined by the Supreme Court" which governs an ineffective assistance of counsel claim is Strickland v. Washington, 466 U.S. 668 (1984). Williams, 529 U.S. at 391. When a convicted defendant complains of the ineffectiveness of counsel's assistance, he must first show that his counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88.   There is a strong presumption that trial counsel rendered adequate assistance. Id. at 689.  Second, an error by counsel –  even if professionally unreasonable –  does not warrant setting aside the judgment of a criminal proceeding if the error had no effect upon the judgment. Id. at 691.

Because the purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding, deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution. Id. at 692.  The burden is on the Petitioner to demonstrate not only that counsel's representation fell below an objective standard of reasonableness but also "that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." Smullen v. United States, 94 F.3d 20, 23 (1st Cir.1996).

The Petitioner makes two arguments with respect to his ineffective assistance of counsel arguments.  First, Burns asserts that the Massachusetts state courts used an "incorrect subjective

standard of review" in determining prejudice to the petitioner with respect to his ineffective assistance of counsel claim.  Docket #13 at 3.   The Massachusetts Appeals Court relied on Commonwealth v. Saferian, 366 Mass. 89 (1974) to evaluate whether a new trial was warranted based on Burns' ineffective assistance of counsel claims:

> "A defendant seeking a new trial based on a claim on effective assistance of counsel bears the burden of establishing both prongs of the familiar Saferian standard: (i) that 'there has been serious incompetency, inefficiency, or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer;' and (ii) that such ineffectiveness 'has likely deprived the defendant of an otherwise available, substantial ground of defence.'"

Burns, 2008 WL 820160 at *1 (quoting Saferian, 366 Mass. at 96.)   Both the First Circuit and the Massachusetts Supreme Judicial Court have recognized that the Saferian standard is the functional equivalent of Strickland with respect to both the "performance" and "prejudice" prongs of the inquiry. Scarpa v. Dubois, 38 F.3d 1, 7-8 (1st Cir. 1994);  Ouber v. Guarino 293 F.3d 19, 32 (1st Cir. 2002) ("[a]lthough Strickland and Saferian do not employ identical phraseology, we have described those variations as 'minor' and have concluded that, for habeas purposes, Saferian is a functional equivalent of Strickland"); see also Commonwealth v. Fuller, 475 N.E.2d 381, 385 n. 3 (Mass.1985) ("[c]onsideration of the Massachusetts test of ineffective assistance of counsel, as set forth in [Saferian], leads us to the conclusion that if the Saferian test is met, the Federal test is necessarily met as well.")  Because the Appeals Court did not "[apply] a rule that contradicts the governing law set forth in the [Supreme] Court's cases," Burns is not entitled to relief under the "contrary to" clause of the AEDPA.  Bell, 535 U.S. at 694.  Also, Burns points to nothing other than disagreement with the result to suggest an unreasonable application of the federal standard.

Second, Burns argues that he was denied his constitutional right to effective assistance of

counsel by his trial attorney's "cumulative failures in not requesting the criminal records of witnesses." Docket #13 at 7. Burns also contends that his trial counsel "never attempted to impeach the witnesses with their financial interest in the case where a civil suit was filed against the [Port-O-Call] bar soon after Burns' convictions." Id. at 8. To succeed on his ineffective assistance claim, the Petitioner must overcome the presumption that his counsel's performance could be considered sound trial strategy. Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955). This Court's scrutiny of the attorney's performance must be highly deferential. Strickland, 466 U.S. at 689.

With respect to Burns' argument that his trial counsel did not secure the criminal records of testifying witnesses, the same argument was rejected by the state court trial judge, who noted that "[p]resent counsel's tact that trial counsel failed to secure the criminal records [of testifying witnesses] is incorrect. Trial counsel secured the records but decided as a matter of tactics not to use them." Docket #10 at Ex. K. The trial judge's determination of this factual issue is presumed to be correct, and Burns has offered no evidence to rebut this presumption.

Second, with respect to any potential use of the criminal records of testifying witnesses, the Appeals Court found that the "defendant's ineffective assistance claims fail if only because he has not shown that better work would have accomplished something material for the defense." Burns, 2008 WL 820160 at *1. Quoting the trial judge's findings, the Appeals Court noted that the Burn's ". . . present claims nibble at the credibility of some of the witnesses, ignoring the enormity of the evidence of the defendant's guilt." Id. Indeed, Justice Nickerson noted that the "criminal records of the witnesses now presented, peppered mainly with misdemeanors, are inconsequential in determining the credibility of the witnesses" and that there was "no showing

that any of the witnesses were aware of a potential [civil] suit."  Docket #10 at Ex. K.  Both the

trial court and the Appeals Court's finding that the trial counsel's actions did not amount to

ineffective assistance of counsel was reasonable.  Even had his trial counsel impeached testifying

witnesses, the Petitioner has not shown that there is a reasonable probability that, but for such

error, the result of the proceedings would have been different.  Burns claim regarding the witness

not called by defense counsel fails for the same reasons; at a minimum he fails to establish

prejudice under Strickland.


CONCLUSION

For the foregoing reasons, I recommend that the Petition for Writ of Habeas Corpus be

DENIED.[4]


                    /s / Leo T. Sorokin
                    UNITED STATES MAGISTRATE JUDGE

---

[4] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).