UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
JAMES J. BURNS, II,            )
     Petitioner,               )
                               )
v.                             )    C.A. No. 08-11009-MLW
                               )
THOMAS DICKHAUT,               )
     Respondent.               )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                          March 28, 2012

The court has considered the attached Magistrate Judge's Report and Recommendation concerning petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 (the "petition"). No objections to the Report and Recommendation have been filed. The court finds the Magistrate Judge's Report and Recommendation to be thorough, thoughtful, and persuasive. The Report and Recommendation is being adopted, and the petition is, therefore, being denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings (the "§2254 Rules"), the court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA may issue only where a petitioner has made a substantial showing of a denial of a constitutional right, meaning a petitioner must show that a reasonable jurist would find the court's assessment of the constitutional claims debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-338

(2003). Here, because a reasonable jurist would not find the Magistrate Judge's assessment of petitioner's claims debatable, and because petitioner waived his right of review by the court of appeals by failing to object to the Report and Recommendation in any event, see Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998), a COA is being denied. Petitioner is advised that he may seek a COA from the Court of Appeals pursuant to §2254 Rule 11.

Petitioner is moving to proceed in forma pauperis ("IFP"), evidently pursuant to Federal Rule of Appellate Procedure 24(a)(1) and for the purpose of appealing the denial of the petition. However, because petitioner was permitted to proceed IFP in the district court, see June 20, 2008 Memorandum and Order, petitioner may proceed on appeal IFP without further authorization. See Fed. R. App. P. 24(a)(3). Accordingly, the motion to proceed IFP on appeal is moot.

Finally, the Petitioner has moved for appointment of counsel, stating he is mentally ill. There is no constitutional right to appointed counsel in §2254 petitions. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); see also Bucci v. United States, 662 F.3d 18, 34 (1st Cir. 2011). While the court is permitted to appoint counsel for financially eligible persons if "the interests of justice so require," 18 U.S.C. §3006A(a)(2)(B), the court does not find that the interests of justice require the appointment of counsel in this case because the petitioner's claims have been

2

carefully considered by the Magistrate Judge and this court, and found to be without merit. Accordingly, the petitioner's motion to appoint counsel is being denied.

For the foregoing reasons, it is hereby ORDERED that:

1. The attached Report and Recommendation (Docket No. 15) is ADOPTED and INCORPORATED pursuant to 28 U.S.C. §636.

2. For the reasons stated in the Report and Recommendation, the Petition (Docket No. 1) is DENIED. Judgment shall enter for Respondent.

3. A COA is DENIED as to all claims.

4. Petitioner's Motion to Proceed IFP on Appeal (Docket No. 16) is MOOT.

5. Petitioner's Motion to Appoint Counsel (Docket No. 17) is DENIED.

                                          /s/ Mark L. Wolf
                                      UNITED STATES DISTRICT JUDGE